# Carnes v. Minehan, Appellant.

*Landlord and tenant—Action for rent—Principal and agent—Evidence.*

In an action for rent where the lease produced in evidence showed that it was signed in the name of a person other than the defendant, but the testimony shows that the defendant recognized, acted under and knew about the lease, and occupied the premises described therein and paid rent therefor for a number of years, the plaintiff may prove by a witness that the person who signed the lease was a brother-in-law of the defendant, and that he stated to the witness that he was signing the lease for the defendant.

*Appeals—Assignments of error—Refusal of new trial.*

The granting or refusing a new trial is such a matter of discretion with the court below that the appellate court will not reverse except upon a clear abuse being shown.

Argued May 8, 1916.  Appeal, No. 113, April T., 1916, by defendant, from judgment of C. P. Mercer Co., Jan. T., 1915, No. 62, on verdict for plaintiff, in case of Lulu Mabel Carnes and Sarah E. Carnes v. Julia V. Minehan. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for rent.  Before WILLIAMS, P. J.

At the trial it appeared that the defendant occupied certain premises under a written lease dated January 22, 1902, and signed by Sarah A. Carnes and Michael McCarthy.  Michael McCarthy was a brother-in-law of the defendant.  The evidence showed that the defendant knew about the lease, had occupied the premises, and paid rent therefor.  When T. O. Hazen, a witness for plaintiff, was on the stand, he was asked this question:

Q.—At the time Mr. McCarthy signed this lease you may state what he said as to whether or not it was for his own use or for any person else's use?

It not being shown that the defendant was present at this time, any statement made by Michael McCarthy is objected to as being incompetent, irrelevant and immaterial.

By the Court: What relation, if any, existed between Michael McCarthy and the defendant?

By Mr. Davis: Michael McCarthy is a brother-in-law.

By the Court: It would not be competent to testify that Michael McCarthy made any declaration there in the absence of the defendant, but we understand counsel that this is to be followed by testimony that the defendant here knew that fact and afterward ratified what he said and went into possession of the premises under this lease.  If it is followed by proof of that the testimony would be competent.

By Mr. Stranahan: That is what we propose to do, your honor.

By the Court: Unless it is followed by that proof the jury could not pay any attention to any conversation between 'Squire Hazen and Mr. McCarthy in the absence of the defendant. We will permit the witness to answer the question subject to the proof that they propose to follow it with, the burden being upon them to establish that fact and the ratification by the defendant of what he said at that time.

By Mr. Davis: Note an exception.

The question read.

A.—At the time that he signed the lease I asked him the question, if he was going into business, and he said, "No," he wasn't going into business for himself, but he was signing the lease for the purpose of helping the Minehan girls; that they were going into business and that Mrs. Carnes didn't like to take a lease signed by them; that he was doing this for the purpose of helping the Minehan girls, and that he would see,—he would have an oversight over the business and see that the rent was paid by them.

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned,* among others, were (1) rulings on evidence quoting the bill of exceptions and (12) refusal of new trial.

*H. W. Davis,* of *Davis, Fruit & Anderson,* for appellant.—It is not competent to prove an agent's authority by the declarations of the agent: Whiting & Co. v. Lake, 91 Pa. 349; Real, et al., v. Express Co., 13 Pa. Superior Ct. 143; Slease v. Naysmith, 14 Pa. Superior Ct. 134; Rahlfing v. Heidrick, 4 Philadelphia 3.

*Miller, Stranahan & Sampson,* for appellees.

OPINION BY KEPHART, J., July 18, 1916:

We cannot agree that Hazen's testimony was inadmissible. For the purpose offered and under the limitations imposed by the court, we feel that sufficient was developed to submit it to the jury. His testimony was to the effect that the lease was signed for the defendant. The lease is exhibited and testimony is produced to show that the defendant recognized, acted under and knew about the lease. If the defendant felt that an agency had not been established after the plaintiffs' case closed, she should have moved to have this testimony stricken from the record. This was not done, and she must have considered this branch of the case as being proven, as testimony was offered to contradict it. The granting or refusing a new trial is such a matter of discretion with the court below that this court will not reverse except upon a clear abuse being shown. While the testimony does seem to be evenly balanced, the court had the benefit of the appearance of the witnesses before him, and no doubt took into consideration the relationship of the parties as well as Hazen's testimony. We do not care to say that the court abused its discretion in refusing a new trial. As a trial judge our views on the evidence might not have agreed with the learned judge who determined the question of retrial, yet this is not sufficient upon which to base a finding of abuse, which is something more than a difference of opinion. The charge of the court was fair. Counsel should have called the court's attention to any incorrect statement of the evidence, and as we view it the court's statement can scarcely be considered as inaccurate. The record does not disclose any substantial errors of law, and we doubt very much whether a retrial would produce any different results.

The judgment is affirmed.